1

2

3

4

5

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

6

7

8

9

10

11

12

Kevin J. Stoops (*pro hac vice* forthcoming)
kstoops@sommerspc.com
Jesse L. Young (*pro hac vice* forthcoming)
jyoung@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Counsel for Plaintiffs and Proposed Class
and Collective Members*

13

14

15

16

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

17

18

19

20

21

22

23

24

| | |
|---|---|
| **HUGO MADRID, LEIGHA SALYERS, and JENIFER MARCHON,** individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**TELENETWORK PARTNERS, LTD., d/b/a TELENETWORK, and TELENETWORK CALIFORNIA, INC., jointly and severally,**<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

25

26

27

28

Plaintiffs, Hugo Madrid, Leigha Salyers and Jenifer Marchon ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, hereby bring this Collective and Class Action Complaint against Defendant, teleNetwork Partners, Ltd., d/b/a teleNetwork, and teleNetwork California, Inc., (hereinafter referred to as "Defendants" or "teleNetwork"), and state as follows:

## INTRODUCTION

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiffs, individually and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA," or 29 U.S.C. § 201 *et seq.*); California Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198; California Industrial Welfare Commission Wage Order No. 4; California Business & Professions Code § 17200 *et seq.*; and California Labor Code § 2698 *et seq.*

2.      Defendants provide call center services to their customers from "brick-and-mortar" call center facilities that they maintain/staffs in Texas and California.

3.      Defendants employed Plaintiffs as non-exempt hourly call center employees (hereinafter referred to as "customer service representatives" or "CSRs") in locations in California (Plaintiff Madrid) and Texas (Plaintiffs Salyers and Marchon).

4.      The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's CSRs, are homogenous; in July 2008, it issued Fact Sheet #64 to alert call center employees to some of the abuses which are prevalent in the industry.

5.      One of those abuses, which is at issue in this case, is the employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id.*

6.      More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." *Id.* Additionally, the FLSA requires

that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities, must be kept." *Id*.

7.    Defendants require their hourly CSRs to work a full-time schedule, plus overtime. However, Defendants do not compensate the CSRs for all work performed; instead, Defendants only pay the CSRs for the time they are on the telephone and available to accept calls. This policy results in CSRs not being paid for all time worked, including overtime.

8.    Defendants' CSRs use multiple computer programs, software programs, and applications in the course of performing their responsibilities. These programs and applications are an integral, indispensable, and important part of the CSRs' work as they cannot perform their jobs effectively without them.

9.    Defendants' CSRs perform the same basic job duties and are required to use the same or similar computer programs, software programs, applications, and phone systems.

10.    The individuals Plaintiffs seek to represent in this action are current and former CSRs that worked in Defendants' brick-and-mortar facilities and are similarly situated to each other in terms of their common experience of Defendants' violations of federal and state law.

11.    Defendants knew or could have easily determined how long it takes for the CSRs to complete their off-the-clock work, and Defendants could have properly compensated Plaintiffs and the putative Collective and Class for this work, but did not.

12.    Plaintiffs seek a declaration that their rights, and the rights of the putative Collective and Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendants to such illegal conduct in the future.

## JURISDICTION

13.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, *et seq.*

14.    Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . .

in any Federal or State court of competent jurisdiction."

15.     Moreover, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This is a class action in which the aggregate claims of the individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to be in excess of 100 Class members, and at least some members of the proposed class have a different citizenship from Defendants.

16.     Defendants' annual sales exceed $500,000 and Defendants have more than two employees, so the FLSA applies in this case on an enterprise basis.  Defendants' employees, including the Plaintiffs in this case, engage in interstate commerce or in the production of goods for commerce and therefore they are also covered by the FLSA on an individual basis.

17.     The court has supplemental jurisdiction over Plaintiff Madrid's state law claims pursuant to 28 U.S.C. §1367 because the state law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

18.     The court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     The court has personal jurisdiction over Defendants because Defendants conduct business within the state of California, employ individuals within the state of California, and are registered with the California Department of the Secretary of State.

20.     Personal jurisdiction also applies to Defendants because Defendants have purposefully availed themselves of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

## **VENUE**

21.     Venue is proper in the Northern District of California because Defendants employ CSRs in this district, and a substantial portion of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

22.     A substantial part of the events or omissions which give rise to the claims occurred in Santa Clara County, and therefore this action is properly assigned to the San Jose Division.  N.D. Cal. Local Rule 3-2(c) & (e).

**PAGA NOTICE AND CLAIM**

23.     On April 26, 2017, pursuant to California Labor Code § 2699.3, Plaintiff Madrid issued notice to the California Labor and Workforce Development Agency of his intention to file a representative action against Defendants under the California Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq*.

**PARTIES**

24.     Plaintiff, Hugo Madrid, is a resident of San Jose, California. He was employed by teleNetwork as a CSR in Mountain View, California from January 2015 through August 2016, and signed a consent form to join this collective action lawsuit, which is attached hereto as ***Exhibit A***. While, employed by Defendants, Plaintiff Hugo Madrid was paid at a rate of $20.00 to $22.00 per hour.

25.     Plaintiff, Leigha Salyers, is a resident of Austin, Texas. She was employed by teleNetwork as a CSR in Austin, Texas from April 2015 through February 2016, and signed a consent form to join this collective action lawsuit, which is attached hereto as ***Exhibit B***. While, employed by Defendants, Plaintiff Leigha Salyers was paid at a rate of $10.00 to $11.50 per hour.

26.     Plaintiff, Jenifer Marchon, is a resident of Gotha, Florida. She was employed by teleNetwork as a CSR in San Marcos, Texas from August 2015 through August 2016, and signed a consent form to join this collective action lawsuit, which is attached hereto as ***Exhibit C***. While, employed by Defendants, Plaintiff Marchon was paid at a rate of $10.00 per hour.

27.     Defendant, teleNetworks Partners, Ltd., is a Texas limited partnership with its headquarters in San Marcos, Texas. Upon information and belief, Defendant, teleNetworks Partners, Ltd., conducts business in California under the entity name, teleNetwork California, Inc. Defendant, teleNetwork California, Inc., is a California corporation headquartered in Los Angeles, California. Defendant, teleNetwork California, Inc., is licensed to do business in the State of California (Corporate

ID# C3602717) and its registered agent for service of process in California is C T Corporation System, 818 W. 7th St., Ste. 930, Los Angeles, California 90017.

28.     Upon information and belief, Defendants have employed over one thousand (1,000) CSRs in their brick-and-mortar call center locations in the last three years.

## GENERAL ALLEGATIONS

29.     As CSRs for Defendants, Plaintiffs were responsible for, among other things, responding to inbound telephone calls from customers of Defendants' clientele and assisting those customers with troubleshooting technical issues and answering questions.

30.     Regardless of which client campaign the CSRs are assigned to, all of Defendants CSRs use similar computer networks, software programs, and applications in the course of performing their job responsibilities.  These programs and applications are integral and an important part of the CSRs' work and they cannot perform their jobs without them.

### A.      Pre-Shift Off-the-Clock Work

31.     Pursuant to Defendants' policies, training, and direction, Plaintiffs and all other CSRs are required to start up and log into various secure computer programs, software programs, and applications in order to access information. The pre-shift startup and login process takes substantial time on a daily basis with said time ranging from five (5) to fifteen (15) minutes per day, or even longer when technical issues arise.  Before clocking in, Plaintiffs and each CSR must undertake the following essential work tasks in chronological order:

- First, the CSRs must turn-on/warm-up their computer.

- The CSRs are then required to start-up and log-in to the following programs/applications that are utilized during their shifts including: Spark; Google Chrome; Google Notes; salesforce; colloquy; Google bug-a-nizer; g-cases.

- The CSRs are then required to open and access Defendants' e-mail system and check their e-mail.

- Next, the CSRs open and log-in to Defendants' phone system, at which point, the CSR is

automatically placed into "idle" status.

- Finally, the CSRs start-up and log-in to Defendants' timekeeping systems "teleNetwork time clock" or "Tracker" at which time they begin getting paid. The CSRs then go back to Avaya and change their status from "idle" to "available" to begin receiving calls.

32.     Defendant's CSRs complete this process before being clocked-in and paid each shift; meaning that they are performing off-the-clock work in the range of five (5) to fifteen (15) minutes per shift without compensation.

33.     The unpaid off-the-clock work performed prior to each shift by Plaintiffs and other CSRs directly benefits Defendants and the tasks undertaken in connection with the off-the-clock work are integral and indispensable to their job duties and responsibilities as CSRs.

## B.     Meal-Period Off-the-Clock Work

34.     Defendants provides Plaintiffs and the CSRs with one unpaid meal break per shift.

35.     In order to deduct an unpaid meal period from an employees' compensable time, an employee must be completely relieved of his or her employment duties for the entire lunch break. 29 CFR 785.19(a) states:

> Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be _completely relieved_ from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (emphasis added).

36.     However, Defendants do not provide Plaintiffs and the CSRs with a legitimate bona fide meal period.

37.     Defendants fail to provide a bona fide unpaid meal period because they require Plaintiffs and the CSRs to return to their computer stations prior to the end of their meal periods and then to spend off-the-clock time logging back into the necessary computer/software programs and applications needed to begin taking customer calls promptly at the end of their scheduled meal periods.

38.     The work performed by Plaintiffs and Defendants' CSRs during their unpaid meal periods takes substantial time on a daily basis with said time ranging from one (1) to five (5) minutes per day, or more.

### C.     Post-Shift Off-the-Clock Work

39.     Pursuant to Defendants' policies, training and direction, Plaintiffs and all other CSRs are required to shut down and logout of certain computer programs and applications they used during their shift *after* they log-out of Defendants' timekeeping system.  The post-shift logout and shutdown process takes substantial time on a daily basis with said time ranging from two (2) to three (3) minutes per shift, but can take as long as ten (10) minutes if the CSR experiences technical problems with the computer/software/applications.

40.     Pursuant to Defendants' policies, training and direction, Plaintiffs and the CSRs are not allowed begin the shutdown and log-out process until after their shifts end and after they clock out of Defendants' timekeeping system. In this regard, Defendants require Plaintiffs and the CSRs to clock out of the timekeeping system right at the end of their scheduled shifts.

41.     Consequently, Defendants maintain a common plan and policy pursuant to which it fails to pay CSRs for no less than 2 to 3 minutes per day of work performed in connection with their end of shift shutdown and log-out activities.

42.     The unpaid off-the-clock work performed subsequent to each shift by Plaintiffs and other CSRs directly benefits Defendants and the tasks undertaken in connection with the off-the-clock work are integral and indispensable to their job duties and responsibilities as CSRs.

### D.     Exemplary Pay-Period to Illustrate Pre- and Post-Shift Compensation Deficiencies

43.     An example of a specific workweek where Defendant failed to pay Plaintiff Marchon all overtime due for hours worked in excess of 40 hours (as mandated by the FLSA) includes the following:

**Pay Period of 8/16/15 to 8/31/15**

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

- Plaintiff Marchon was paid at a rate of $10.00 per hour for her 81.24 regular hours and $15.00 per hour for 1.01 overtime hours.

- With unpaid pre-shift, mid-shift and post-shift time, in a range of 8 to 30 minutes per shift, Plaintiff Marchon should have been paid an additional 80 to 300 minutes at her overtime rate of $15.00 during the pay period.

*Exhibit D*, Marchon Pay Stub.

### Pay Period of 9/1/15 to 9/15/15

- Plaintiff Marchon was paid at a rate of $10.00 per hour for her 84.06 regular hours and $15.00 per hour for .56 overtime hours.

- With unpaid pre-shift, mid-shift and post-shift time, in a range of 8 to 30 minutes per shift, Plaintiff Marchon should have been paid an additional 80 to 300 minutes at her overtime rate of $15.00 during the pay period.

*Id.*

44.     An example of a specific workweek where Defendant failed to pay Plaintiff Madrid all overtime due for hours worked in excess of 40 hours (as mandated by the FLSA) includes the following:

### Pay Period of 11/16/14 to 11/30/14

- Plaintiff Madrid was paid at a rate of $21.00 per hour for his 53.29 regular hours and $31.50 per hour for .34 overtime hours.

- With unpaid pre-shift, mid-shift and post-shift time, in a range of 8 to 30 minutes per shift, Plaintiff Madrid should have been paid an additional 40 to 150 minutes (representing overtime threshold met in one of the two workweeks) at his overtime rate of $ 31.50 during the pay period.

*Exhibit E*, Madrid Pay Stub.

### Pay Period of 8/16/14 to 8/31/14

- Plaintiff Madrid was paid at a rate of $20.00 per hour for his 71.77 regular hours and $30.00 per hour for .08 overtime hours.

- With unpaid pre-shift, mid-shift and post-shift time, in a range of 8 to 30 minutes per shift, Plaintiff Madrid should have been paid an additional 40 to 150 minutes (representing overtime threshold met in one of the two workweeks) at his overtime rate of $ 30.00 during the pay period.

*Exhibit F*, Madrid Pay Stub.

45.     Plaintiff Salyers regularly worked more than 40 hours in a workweek, but was not paid for all time she spent working over 40 hours including the off-the-clock time alleged in this Complaint. Specifically, upon information and belief, Plaintiff Salyers worked more than 40 hours during each of the workweeks of November 2015 through February 2016. Plaintiff was not paid (at her regular rate or at her overtime rate) for all pre-shift, mid-shift and post-shift time she worked during those workweeks, which amount falls in a range of 8 to 30 minutes per shift.

**E.      Defendants Benefitted from the Uncompensated Off-the-Clock Work**

44.     At all relevant times, Defendants directed and directly benefited from the work performed by Plaintiffs and similarly situated employees in connection with the above described pre-shift, meal-period and post-shift activities performed by Plaintiffs and other CSRs.

45.     At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiffs and other CSRs.

46.     At all relevant times, Defendants were able to track the amount of time Plaintiffs and the other CSRs spent in connection with the pre-shift, meal-period and post-shift activities. However, Defendants failed to do so and failed to compensate Plaintiffs and other CSRs for the off-the-clock work they performed.

47.     At all relevant times, Plaintiffs and the CSRs were non-exempt hourly employees, subject to the requirements of the FLSA.

48.      At all relevant times, Defendants used their attendance and adherence policies against Plaintiffs and the CSRs in order to pressure them into performing the pre-shift, meal-period and post-shift off-the-clock work.

49.     Defendants expressly trained and instructed Plaintiffs and their other CSRs to perform the above-described pre-shift activities before clocking into Defendants' timekeeping system and their shift's scheduled start time to ensure they were prepared to take calls at the moment their shifts began.

50.     At all relevant times, Defendants' policies and practices deprived Plaintiffs and the CSRs of wages owed for the pre-shift, meal-period and post-shift activities they performed. Because Defendants' CSRs typically worked forty (40) hours or more in a workweek, Defendants' policies and practices also deprived them of overtime pay.

51.     Defendants knew or should have known that the time spent by Plaintiffs and other CSRs in connection with the pre-shift, meal-period and post-shift activities is compensable under the law. Indeed, in light of the explicit DOL guidance cited above, there is no conceivable way for Defendants to establish that they acted in good faith.

52.     Despite knowing Plaintiffs and other CSRs performed work before and after their scheduled shifts and during their meal periods, Defendants failed to make any effort to stop or disallow the off-the-clock work and instead suffered and permitted it to happen.

53.     Unpaid wages related to the off-the-clock work described herein is owed to Plaintiffs and the CSRs at the FLSA mandated overtime premium of one and one-half the their regular hourly rate because Plaintiffs and the CSRs regularly worked in excess of forty (40) hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All similarly situated current and former hourly brick-and-mortar Customer Service Representatives who work or have worked for Defendants at any time from August 8,2014 through judgment.*

(hereinafter referred to as the "FLSA Collective").   Plaintiffs reserve the right to amend this definition if necessary.

55.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated CSRs.

56.     Excluded from the proposed FLSA Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales persons.

57.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

58.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

59.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a.  Willfully failing to pay their employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.  Willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendants.

60.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

61.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

62.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they

were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

63.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – the amount of uncompensated pre-shift start-up/log-in time, unpaid meal period time, and the amount of post-shift log-out/shut-down time owed to each employee – does not vary substantially among the proposed FLSA Collective members.

64.     There are many similarly situated current and former CSRs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

65.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

66.     Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

67.     Plaintiffs estimate the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundreds, if not thousands, of workers. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

68.     Plaintiff Madrid brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of:

> *All similarly situated current and former hourly brick-and-mortar Customer Service Representatives who work or have worked for Defendants in California at any time from August 8, 2013 through judgment.*

(hereinafter referred to as the "Rule 23 California Class"). Plaintiff Madrid reserves the right to amend the putative class definition if necessary.

69.     Plaintiff Madrid shares the same interests as the putative Rule 23 California Class and will be entitled under the California Labor Code to unpaid overtime compensation, unpaid minimum wages, unpaid regular wages, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

70.     The putative Rule 23 California Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendants employed hundreds, if not thousands, of CSRs in their California brick-and-mortar locations. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel, scheduling, time, phone, and payroll records, and from input received from the putative Class members.

71.     The putative Rule 23 California Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class.  Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

  a.  Whether Defendants engaged in a policy or practice of failing to pay each Class member regular wages or minimum wage for each non-overtime hour worked.

  b.  Whether Defendants engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

  c.  Whether Defendant violated Labor Code sections 221 and 223 by making unlawful deductions to Class members' wages;

  c.  Whether Defendants failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Labor Code and regulations;

  d.  Whether Defendants failed to provide each Class member with rest periods as

required by the California Labor Code and regulations;

e.  Whether Defendants violated sections 201, 202, and 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

f.  Whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

g.  Whether Defendants violated section 1174 of the Labor Code by failing to maintain accurate records of hours worked and wages paid to Class members;

h.  Whether Defendants were unjustly enriched by the work and services performed by Class members without compensation;

i.  Whether Defendants engaged in unfair business practices in violation of Business and Professions Code section 17200 *et seq.*; and

j.  Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

72.    The putative Rule 23 California Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendants and performed their job duties without receiving wages, including overtime wages, owed for that work.

73.    The putative Rule 23 California Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

74.    The putative Rule 23 California Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

75.    The putative Rule 23 California Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large

number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

76.    Given the material similarity of the putative Rule 23 California Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions.  Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

### COUNT I
### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME WAGES

77.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

78.    At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

79.    At all times relevant to this action, Plaintiffs and the FLSA Collective were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

80.    Plaintiffs and the FLSA Collective, by virtue of their job duties and activities actually performed, are all non-exempt employees.

81.    Plaintiffs and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

82.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the

FLSA.

83.     At all times relevant to this action, Defendants required Plaintiffs and the FLSA Collective to perform no less than eight (8) and as much as thirty (30) minutes of off-the-clock work per shift, but failed to pay these employees the federally mandated overtime compensation for the off-the-clock work.

84.     The off-the-clock work performed every shift by Plaintiffs and the FLSA Collective is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

85.     In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including the shift differential where applicable.  29 U.S.C. § 207.

86.     Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it takes for their CSRs to perform their off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective for these work activities, but did not.

87.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 223, 510, 1194, 1197.1, 1198**
**AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME**

88.     Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

89.     At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to their employees, especially overtime compensation.

90.     At all relevant times, Plaintiff Madrid and the Rule 23 California Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

91.     California Labor Code §§ 223, 510, 1194, 1197.1 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 §§ 2(K) provide that; (a) employees must be paid no less than the applicable minimum wage for all hours worked; (b) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (c) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

92.     At all relevant times, Plaintiff Madrid and the Rule 23 California Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

93.     At all relevant times, Defendants failed and refused to pay Plaintiff Madrid and the Rule 23 California Class members for any and all hours actually worked in excess of the scheduled shift.

94.     Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Rule 23 California Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiff Madrid and other Rule 23 California Class members who worked overtime hours.

95.     Plaintiff Madrid and the Rule 23 California Class were entitled to receive overtime compensation at their lawful regular rate of pay, including any shift differential where applicable. Defendants' failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 223, 510, 1194, 1197.1, 1198, and IWC Wage Order No. 4.

96.     Wherefore, Plaintiff Madrid demands payment of the unpaid balance of the full amount of

wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay for all time worked and such premium compensation, as required under California law.

<b><u>COUNT III</u></b>
<b><u>VIOLATION OF CALIFORNIA LABOR CODE §§ 223, 1194, 1197, 1197.1</u></b>
<b><u>AND IWC WAGE ORDER 4 – FAILURE TO PAY MINIMUM WAGE AND REGULAR</u></b>
<b><u>WAGES FOR ALL HOURS WORKED</u></b>

97.     Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

98.     At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to their employees, including minimum wage and regular wages for all hours worked.

99.     California Labor Code §§ 223, 1194, 1197, 1197.1 and Industrial Welfare Commission ("IWC") Wage Order No. 4 §§ 2(K), 4(B), provide that employees must be paid no less than the applicable minimum wage for all hours worked. *See also Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 323 (2005) (indicating that California's Labor Code requires payment for all hours worked at the employee's regular rate of pay).

100.    At all relevant times, Defendants failed and refused to pay Plaintiff Madrid and the Rule 23 California Class members minimum wage and regular wages for all hours worked including the off-clock-work alleged in this Complaint.

101.    Defendants intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff Madrid and the Rule 23 California Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying Plaintiff and other Rule 23 California Class members minimum wage and regular wages for all hours worked.

102.    Plaintiff Madrid and the Rule 23 California Class were entitled to receive wages at their lawful regular rate of pay, including any shift differential where applicable, for all hours worked

including the off-the-clock work alleged in this Complaint. Defendants' failure to pay such wages, as alleged above, was a willful violation of California Labor Code §§ 223, 1194, 1197, 1197.1 and IWC Wage Order No. 4 §§ 2(K), 4(B)

103.    Wherefore, Plaintiff Madrid demands payment of the unpaid balance of the full amount of wages due for unpaid time worked at their lawful regular rate of pay, including any shift differential where applicable, and including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendants, failure to pay for all time worked as is required under California law.

**COUNT IV**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 221 AND 223**
**UNLAWFUL DEDUCTIONS**

104.    Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

105.    At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to their employees, especially overtime compensation, minimum wage and regular wages for all hours worked.

106.    Defendants made deductions from Plaintiff Madrid's and the Rule 23 California Class members' paychecks in the amount of the overtime premiums, minimum wage and regular wages earned by the employees during the pay period so as to avoid paying overtime compensation, minimum wage and regular wages.

107.    California Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

108.    California Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code § 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

109.    As a result of the conduct alleged above, Defendant has unlawfully collected or received from Plaintiff Madrid and the Rule 23 California Class part of the wages paid to their employees.

110.    Wherefore, Plaintiff Madrid demands the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

**COUNT V**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 512 AND IWC WAGE ORDER 4 –**
**FAILURE TO PROVIDE MEAL BREAKS**

111.    Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

112.    California Labor Code §§ 226.7, 512, and Industrial Welfare Commission ("IWC") Wage Order No. 4 § §11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

113.    At all relevant times, Plaintiff Madrid and the Rule 23 California Class consistently worked in excess of five (5) or ten (10) hours in a day.

114.    At all relevant times, Defendants regularly required employees to perform work during their first and/or second meal periods without proper compensation. Defendants' practice of requiring employees to perform work during their legally mandated meal periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 §§ 11(A) and (B).

115.    Defendants purposefully elected not to provide meal periods to Plaintiff Madrid and the Rule 23 California Class members, and Defendants acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff Madrid and the Rule 23 California Class members in failing to do so.

116.    Plaintiff Madrid is informed and believes Defendants did not properly maintain records pertaining to when Plaintiff Madrid and the Rule 23 California Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 4 §§ 11(A) and (B).

117.    As a result of Defendants' knowing, willful, and intentional failure to provide meal breaks, Plaintiff Madrid and the Rule 23 California Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7 § 11(D), and penalties, reasonable attorneys' fees, and costs pursuant to California Labor Code §§ 218.5.

118.    Defendants' wrongful and illegal conduct in failing to provide Plaintiff Madrid and the Rule 23 California Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff Madrid and the Rule 23 California Class members in that Defendants will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff Madrid and the Rule 23 California Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

119.    Wherefore, Plaintiff Madrid demands pursuant to Labor Code Section 226.7(b) that Defendants pay each Rule 23 California Class member one additional hour of pay at the Rule 23 California Class member's regular rate of compensation for each work day that the meal period was not provided.

**COUNT VI**
**VIOLATION OF CALIFORNIA LABOR CODE § 226**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

120.    Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

121.    California Labor Code § 226 provides that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked. California Labor Code § 1174(d) and California Wage Order 4-2001 § 7(A) likewise require employers to maintain records of hours worked daily and wages paid to employees.

122.    At all relevant times, Defendants failed to furnish Plaintiff Madrid and the Rule 23 California Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of California Labor Code § 226.

123.    Plaintiff Madrid is informed and believes that Defendants knew or should have known that Plaintiff Madrid and the Rule 23 California Class members were entitled to receive wage statements compliant with California Labor Code § 226, and that Defendants willfully and intentionally failed to

provide Plaintiff Madrid and the Rule 23 California Class members with such accurate, itemized statements.

124.   Wherefore Plaintiff Madrid demands that Defendants pay each and every Rule 23 California Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to California Labor Code § 226, as well as reasonable attorneys' fees and costs.

**COUNT VII**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, AND 203**
**FAILURE TO TIMELY PAY WAGES UPON DISCHARGE**

125.   Plaintiff Madrid realleges and incorporates all previous paragraphs herein.

126.   California Labor Code §§ 201 and 202 requires employers to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employee must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

127.   Plaintiff Madrid and the Rule 23 California Class members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

128.   More than thirty days have passed since Plaintiff Madrid and certain Rule 23 California Class members left Defendants' employ.

129.   As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiff Madrid and the Rule 23 California Class members whose employment ended during the class period are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**COUNT VIII**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq*.**

130.   Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

131.   Defendants engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) training and directing Plaintiff Madrid and the Rule 23 California Class to work off-the-clock without minimum

wage, regular wage, or overtime compensation; (b) making deductions to Plaintiff Madrid's and the Rule 23 California Class members' paychecks to recover overtime premiums, minimum wage and regular wages earned by the employee; (c) requiring Plaintiff Madrid and the Rule 23 California Class to work overtime  without lawful premium compensation; (d) failing to provide lawful meal breaks, rest breaks or premium compensation in lieu thereof;(e) failing to provide accurate, itemized wage statements and failing to maintain accurate payroll records; and (f) failing to timely pay all wages due upon discharge.

132.   In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

133.   As a result of Defendants' conduct, Plaintiff Madrid and the Rule 23 California Class have been harmed as described in the allegations set forth above.

134.   The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendants have obtained valuable property, money and services from Plaintiff Madrid and the Rule 23 California Class, and have deprived Plaintiff Madrid and the Rule 23 California Class fundamental rights and privileges guaranteed to all employees under California law.

135.   Defendants were unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of California law.

136.   Plaintiff Madrid seeks, on his own behalf, and on behalf of the putative Rule 23 California Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendants by means of the acts and practices described herein.

137.   Plaintiff Madrid seeks, on his own behalf, and on behalf of other Rule 23 California Class members similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until

enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff Madrid and all Rule 23 California Class members in that the Defendants will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff Madrid and the Rule 23 California Class have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### COUNT IX
### PRIVATE ATTORNEYS GENERAL ACT ("PAGA")
### VIOLATION OF CALIFORNIA LABOR CODE § 2698, *et seq.*

138.   Plaintiff Madrid re-alleges and incorporates all previous paragraphs herein.

139.   Plaintiff Madrid is an "aggrieved employees" under PAGA, and has been employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations herein.  As such, he seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendants ("PAGA Group"), the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

140.   Plaintiff Madrid seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

141.   Plaintiff Madrid seeks to pursue remedies pursuant to PAGA for the following violations.

a.   Failure to Pay Overtime: Defendants unlawfully failed to pay Plaintiff Madrid and the PAGA Group overtime compensation in violation of Cal. Labor Code §§ 223, 510, 1194, 1197.1, 1198 and California Wage Order No. 4-2001.

b.   Failure to Pay Minimum Wages and Regular Wages: Defendants unlawfully failed to pay Plaintiff Madrid and the PAGA Group minimum wage and regular wage compensation in violation of Cal. Labor Code §§ 223, 1194, 1197, 1197.1 and California Wage Order No. 4-2001.

c.   Payment of Wages Below Designated Rate and Taking of Unlawful Deductions:

Defendants unlawfully paid Plaintiff Madrid and the PAGA Group at below the designated rate in violation of California Wage Order No. 4-2001 and Cal. Labor Code §§ 221 and 223, as detailed herein.

d.   Failure to Provide Meal and Rest Breaks: Defendants unlawfully failed to provide Plantiff Madrid and the PAGA Group meal and rest breaks as required by Cal. Labor Code 226.7, 512, and California Wage Order No. 4-2001.

e.   Failure to Provide Complete and Accurate Wage Statements:   Defendants failed to provide complete and accurate wage statements containing all wages due to Plaintiff Madrid and the PAGA Group, in violation of California Wage Order No. 4-2001 and Cal. Labor Code § 226(a), as detailed herein.

f.   Failure to Keep Accurate Payroll Records:  Defendants failed to provide complete and accurate wage statements regarding all wages due to Plaintiff Madrid and the PAGA Group, in violation of California Wage Order No. 4-2001 and Cal. Labor Code § 1174 *et seq.*, as detailed herein.

g.   Failure to Timely Pay Wages Due Upon Discharge:  Defendants failed to timely pay all wages due to Plaintiff Madrid and certain members of the PAGA Group in violation of California Wage Order No. 4-2001 and Cal. Labor Code § 201-203, as detailed herein.

142.   California Labor Code § 2698, *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

143.   Plaintiff Madrid has taken steps to ensure full compliance with the procedural requirements specified in California Labor Code 2699.3 as to each of the alleged violations.  On April 26, 2017, Plaintiff provided notice to the LWDA of Plaintiff's claims based on the alleged Labor Code violations, including the facts and theories supporting these claims.

144. Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiff is incurring a financial burden in pursuing this action, and it would be against the interest of justice to

require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*, California Labor Code § 2699.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the putative Collective and Rule 23 California Class, request judgment as follows:

a. Certifying this case as a Collective in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Designating Plaintiffs as Class Representatives of the proposed FLSA Collective;

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all similarly situated Collective members, and permitting Plaintiffs to send notice of this action to all those Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the potential Collective members of their rights under the FLSA;

d. Certifying the proposed Rule 23 California Class;

e. Designating Plaintiff Madrid as Class Representative of the proposed Rule 23 California Class;

f. Service awards for the Class Representatives in recognition of the time, effort, and risk they incurred in bringing this action and as compensation for the value they have provided to the Class members;

g. Appointing Outten & Golden LLP and Sommers Schwartz, P.C. as Class Counsel;

h. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, California Labor Code, and UCL;

i. Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

j. Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

k. Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

l. Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid minimum wages and regular wages calculated at Plaintiffs' regular rate

(including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiffs worked for the past four years;

m.   Awarding liquidated damages in an amount equal to the amount of unpaid minimum wages and regular wages found due and owing;

n.   For statutory and civil penalties pursuant to Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198 and 2698 *et. seq.*;

o.   For disgorgement and restitution to Plaintiffs and other similarly affected Class members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200 *et seq.*;

p.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

q.   For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

r.   For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

s.   For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 4 § 7(A) related to wage statements and record keeping;

t.   For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record-keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and their agents, servants and employees related thereto;

u.   For pre-judgment interest as allowed by California Labor Code §§ 218.6 and 1194, and California Civil Code § 3287 and other statutes;

v.   For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, 29 U.S.C. 216(b); California Labor Code §§ 218.5, 226(e) and (h), 1194, and 2699; and California Code of Civil Procedure § 1021.5; and

w.   For such other and further relief the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs, Hugo Madrid, Leigha Salyers and Jenifer Marchon, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule

1

2   38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with

3   respect to the above entitled cause.

4

    Dated: August 8, 2017                              Respectfully Submitted,

5

6                                                      By:  */s/ Jahan C. Sagafi*
                                                           Jahan C. Sagafi

7

8   **OUTTEN & GOLDEN LLP**
    Jahan C. Sagafi (Cal. Bar No. 224887)

9   jsagafi@outtengolden.com
    OUTTEN & GOLDEN LLP

10  One Embarcadero Center, 38th Floor
    San Francisco, California 94111

11  Telephone:  (415) 638-8800
    Facsimile:  (415) 638-8810

12  **SOMMERS SCHWARTZ, P.C**
    Kevin J. Stoops (*pro hac vice*

13  forthcoming)
    kstoops@sommerspc.com

14  Jesse L. Young (*pro hac vice*
    forthcoming)

15  jyoung@sommerspc.com
    One Towne Square, Suite 1700

16  Southfield, Michigan 48076
    Telephone: (248) 355-0300

17  Facsimile: (248) 436-8453

18  *Attorneys for Plaintiffs and Proposed*
    *Collective and Class members*

19

20

21

22

23

24

25

26

27

28

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND